IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald Satish Emrit,[1] | ) | Case No. 3:26-cv-00061-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Maria Cherniavska; Volodymyr Zelensky; Alexei Navalny; Darya Ignateva; Kateryna Olokoba; Erin Burnett Outfront of Cable News Network ("CNN"); International Court of Justice of Hague, Netherlands; United Nations; World Bank; International Monetary Fund; and Council on Foreign Relations, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon review of Plaintiff's complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On January 27, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed. ECF No. 6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections

---

[1] Plaintiff also identifies himself as Presidential Candidate Number P60005535 & Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America.

to the Report and the serious consequences for failing to do so.  Plaintiff filed objections and supplemental objections. ECF Nos. 9, 10.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law, which the Court incorporates by reference.  The Magistrate Judge recommends dismissal because the Court lacks subject matter jurisdiction and because the complaint is frivolous.  The Magistrate Judge further recommends that Plaintiff be required to show cause why a prefiling injunction should not

be imposed on future filings in this District.  Because Plaintiff filed objections, the Court's review has been de novo.

In his objections, Plaintiff does not directly address the Report.  He titles the documents "notice of appeal" and "second notice of appeal."  In the first document, he discusses parties not named in this action.  ECF No. 9.  In the second document, he discusses, inter alia, the movie *Fools Rush In* released in 1997, Saint Peter's Basilica, Kim Kardashian, the Sombrero Galaxy, South of the Border, the Grammys, and social security numbers.  ECF No. 10.  Upon de novo review, the Court agrees with the recommendation of the Magistrate Judge that this action is subject to dismissal for lack of subject matter jurisdiction and as frivolous.[2]

### **CONCLUSION**

For the foregoing reasons, the Court agrees with the recommendation of the Magistrate Judge.  This action is **DISMISSED** without leave to amend and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 21, 2026
Spartanburg, South Carolina

---

[2] The Magistrate Judge further recommends that Plaintiff be required to show cause why he should not be subject to a pre-filing injunction if he files future complaints in this District.  ECF No. 6 at 6.  The Court agrees that Plaintiff's previous behavior would likely satisfy the factors articulated in *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).  In the event that Plaintiff files another action in this District, the Magistrate Judge, within her discretion, may specifically recommend such narrowly-tailored prefiling restrictions for adoption or modification by the Court.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.